[705 NYS2d 227]

In the Matter of D. SANFORD JORGENSEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 30, 2000

**APPEARANCES OF COUNSEL**

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Susan Brotman* of counsel (*Gentile Brotman & Benjamin,* attorneys), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, D. Sanford Jorgensen, was admitted to the practice of law in the State of New York by the First Judicial Department on October 27, 1980. At all times relevant herein,

respondent has maintained an office for the practice of law within the First Judicial Department. Respondent is currently living in Maine and is no longer engaged in the practice of law in New York or elsewhere.

Respondent submits his resignation pursuant to 22 NYCRR 603.11 (a). In his affidavit of resignation, respondent acknowledges that he is aware that there is a pending investigation by the Departmental Disciplinary Committee (the Committee) regarding allegations that he failed to properly maintain in escrow a buyer's real estate down payment and that if formal charges were predicated upon these allegations, he could not successfully defend himself on the merits against such charges.

Respondent states that his attorney advised the Committee, on his behalf, that at a closing on August 24, 1999, he was in possession of approximately $27,000 out of the $59,000 contract deposit he had received when his client entered into a contract for sale of her cooperative apartment. Respondent did advise his client prior to the closing that he had not maintained all of the funds intact in an escrow account or any other account. He admits that his client is still owed a balance of approximately $32,000 from the original contract deposit that was given respondent. He is currently in the process of closing his law practice and has notified his clients that he is no longer practicing law. Respondent apologizes for his misconduct and states that he intends to repay all of the funds that he owes.

The Committee moves for an order, pursuant to 22 NYCRR 603.11, accepting respondent's resignation and, pursuant to Judiciary Law § 90 (6-a), ordering respondent to make restitution to his client or reimbursement to the Lawyers' Fund for Client Protection and permitting respondent's resignation order to be entered as a civil judgment.

A review of respondent's affidavit confirms that it fully complies with the requirements set forth in section 603.11 of the Rules of this Court. Respondent acknowledges that: (1) he is the subject of a pending disciplinary proceeding involving allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily rendered without coercion or duress; (3) he is fully aware of the implications of submitting his resignation; and (4) he cannot successfully defend himself on the merits against any formal charges which would be filed against him by the Disciplinary Committee.

Accordingly, the motion should be granted to the extent that respondent's resignation is accepted, his name is stricken from the roll of attorneys in the State of New York, and any effort

by respondent to seek reinstatement to the practice of law in this State must be preceded by restitution to the client.

WILLIAMS, J. P., TOM, WALLACH, RUBIN and ANDRIAS, JJ., concur.

Motion granted and respondent's resignation accepted and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof, as indicated.