[749 NYS2d 138]

In the Matter of JAMES LLOYD GRANT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 14, 2002

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on December 3, 1956. At all times relevant to this proceeding, respondent

maintained an office for the practice of law in the First Judicial Department.

Respondent submits his resignation pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.11. In his affidavit of resignation, respondent admits that he converted to his own use a portion of a client's funds and tenders his resignation in the context of a pending disciplinary investigation. Respondent's client entrusted $12,000 to him in September 2000 to be used as a settlement of her outstanding student loan, which had been negotiated by respondent notwithstanding the fact that he filed a certification of retirement with the Office of Court Administration in 1995 and has not paid any attorney registration fees since then on that basis. Although respondent has replaced most of the converted monies, he still owes his client a balance of $2,600 and avers that he is making efforts to refund that balance. The client filed a complaint with the Departmental Disciplinary Committee based on respondent's conversion on or about May 4, 2002.

The Committee now moves for an order accepting respondent's resignation and striking his name from the roll of attorneys effective immediately. In addition, the Committee requests that respondent be ordered to make restitution or reimbursement "as described above." Counsel for the Committee states that she is satisfied that the affidavit conforms to the requirements set forth in 22 NYCRR 603.11 and recommends its acceptance.

Respondent's affidavit of resignation fully complies with the requirements set forth in section 603.11 in that he acknowledges that: (1) he is the subject of a pending disciplinary proceeding involving allegations that he has been guilty of misconduct; (2) his resignation is freely and voluntarily submitted without coercion or duress; and (3) he is fully aware of the implications of submitting his resignation, to wit, that his name will be stricken from the roll of attorneys. In addition, respondent acknowledges that if formal disciplinary charges were filed against him for his conversion he could not successfully defend himself on the merits against such charges and states that he no longer maintains a law office.

Accordingly, the Committee's motion should be granted to the extent that respondent's resignation is accepted, his name stricken from the roll of attorneys in the State of New York, effective immediately, and any effort by respondent to seek reinstatement to the practice of law in this state must be preceded by restitution to the client (see Matter of Jorgensen, 268 AD2d 48).

ANDRIAS, J.P., BUCKLEY, LERNER, MARLOW and GONZALEZ, JJ., concur.

Respondent's resignation accepted, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to August 7, 2002.